FILED

2022 MAR 21  PM 1:45

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STACEY PARKS, AND TRACEY PARKS
PRO-SE;

PETITIONER(s),

v.

)
)
)
)
)
)

CIVIL ACTION FILE

NO. 6:22-cv-576- CEM- EJK

WAYNE IVEY, In His Official Capacity As Head Of Brevard County
SHERRIFF'S DEPT, SCOTT ELLIS/RACHEL SARDOFF In His/ Her Official
Capacity As Head Clerk of Brevard County, John Calkins In His Official Capacity
As Head Of Planning/ Zoning/Brevard County Code Enforcement,
Lisa Cullen, In Her Official Capacity As Head Tax  Collector  For Brevard
County, Dana Blickley In Her Official Capacity As Head Property Appraiser,
County,

RESPONDENT(S)
_____ )

## VERIFIED PETITION FOR AN INDEPENDENT ACTION FOR DECLARATORY  RELIEF <u>TO QUIET TITLE PURSUANT TO FLORIDA STATUTES CHAPTER 65.061(2), 28 USC Rule 57; 28 USC 2201, 28 USC 1331 AND 14th Amendment OF THE UNITED STATES ; 42 U.S.C. 1983 MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>
### <u>COUNT 1</u>

PAGE 1

1

COMES NOW the Petitioner(s) Stacey And Tracey Parks  AS  Pro-Se And Respondent(s), Petitioner(s) Ask For  Declaratory Relief to Quiet Title to  Remove  Clouds  On  /Petitioner(s)  Title,  And  As  Grounds  Therefore Would State As Follows:

## BACKGROUND AND GENERAL ALLEGATIONS

Two  Separate  Sherriff  Sales  Were  Held  In  Brevard  County,  Florida Concerning SIX Rural Contigual Lots, Located In Merritt Island FL 32953, An Unincorporated Area Of The County WITHOUT Benefit  Of  Court Order On One Motion/Affidavit To Amend & TWO Amended Writs Of Execution Made  Without Benefit Of A Court Order Issued Against Stacey And Tracey Parks By The Clerk At Behest Of Defendant(s) Council; And Without A Court Ruling Or Order On Defendant(s) Motion/Affidavit To Issue An Amended Writ Of Execution, This Amended  Writ Of Execution Dated October 8, 2018, Was Issued By The Clerk With No Court Order And No Ruling In Place On The Defendant(s) Motion/Affidavit To Amend Dated October 8, 2018.

PAGE 2

On January 18, 2019 A Second Amended Writ Of Execution Was Issued By The Clerk Against Stacey And Tracey Parks, With No Court Order OR Ruling Concerning This Second Amended Writ; & NO MOTION Affidavit TO AMEND At ALL Was Made To The Court PRIOR By Defendant(s) Council, Concerning This Second Amended Writ Of Execution; In Case No. 05-2015-CA-050825-AXXX-XX, Brevard County Florida.

On May 22, 2018, The Creditor Chantal Conklin & Her Attorney Alec Russell Got An Order From The Lower Court In Case No. 05-2015-CA-050825-AXXX-XX, Brevard County Florida, To Levy ANY Property Belonging To Stacey & Tracey Parks; On May 24 2018, The Creditor's Attorney ALEC RUSSELL, AMENDED TWO Writs Of Execution WITHOUT PERMISSION FROM THE LOWER COURT. SEE Petitioner(s) Exhibits 1, 2, 2A, 3, 3A, Deed, Affidavit/ Motion To Amend Without Court Order, BOTH Amended Writs Made Without Benefit Of Court Order

PAGE 3

This   LEFT   NO COURT ORDER On The First Motion/Affidavit To Amend, No Motion/Affidavit At All Concerning The Second Amended Writ, & The TWO Amended Writs In Place To Lien OR   Take   Any Property With A Sherriff's Sale That Belonged In The Name Of Stacey & Tracey Parks; Without A Court Order In Place;   And   In FACT, Stacey & Tracey Parks OWNED NO PROPERTY

In Brevard County, In May Of 2018, The SIX Rural Lots In Question Were In The Name Of Stacey Parks' Florida Corporation, Pine Isle Farms Inc, Which Had Been The LEGAL OWNER   Of   Public   Record, With The Brevard County Property Appraiser Since November 22, 2017, Up Until  & After Both Sherriff Sales. SEE   Petitioner's Exhibit 4-Pine Isle Farms Inc Deed- Book 8033 Page 986-Dated June 30 2017   Recorded On November 22, 2017 Brevard County Clerk Official Records.

1) The Above Pine Isle Farms Inc Corporation's Deed Has Never Been Overturned In A Court Of Law, Nor Has Pine Isle Farms Inc Ever

PAGE 4

2) Been Served OR Been NAMED A Party To ANY Litigation In Case No. 05-2015-CA-050825-AXXX-XX, Brevard County Florida.

3) Stacey Parks, As An Individual And As Owner & Registered Officer Of Pine Isle Farms Inc Corporation, Never Received ANY Legal Notice In Her Personal Name; Nor In The Name Of Pine Isle Farms Inc, Regarding The First Sherriff Sale Of Four Of The Six Lots Held On December 11, 2018. SEE Petitioner's Exhibit 5-Stacey Parks, As An Individual & Owner & Registered Officer Of Pine Isle Farms Inc Affidavit

4) The Pine Isle Farms Inc Corporation Was An Indispensable Party To The Suit, In Case No. 05-2015-CA-050825-AXXX-XX, But Was Never Included In Any Litigation At All Concerning The SIX Subject Lots; Making BOTH Sherriff Sales, One Held On December 11, 2018, For Four Lots And The Other Sherriff Sale For The Two Remaining Lots Held On April 16, 2019 VOID.

PAGE 5

5

5) The Creditor, Chantal Conklin & Her Attorney Alec Russell, WERE Well Aware That ALL Six Lots Were Titled To The Pine Isle Farms Inc Corporation BEFORE BOTH Sherriff Sales In Question.

SEE Petitioner's Exhibit 6- Creditor's Affidavit To Brevard County & The Sherriff, Signed By The Creditor's Attorney Alec Russell Submitted To The Brevard County Sherriff's Dept Before The December 11, 2018 Sherriff's Sale Of The First Four Lots.

6) So Attorney For The Creditor, Chantal Conklin, Alec Russell; KNOWING He Amended WITHOUT A COURT ORDER, & Has NO ORDER In Place To Take The Property Of Stacey & Tracey Parks By Sherriff's Sale; Or A Court Order To Take The Property Of The Parks' Pine Isle Farms Inc Corporation; Attorney Alec Russell & Creditor Chantal Conklin Proceeded To Have The TWO Above

Described Sherriff Sales, WITHOUT Sanction Of The Lower Court; & WITHOUT Benefit Of A Court Order On The First Amended Writ

As To The December 11, 2018 Sherriff's Sale.

PAGE 6

The Lower Court, The Creditor, Chantal Conklin, Her Attorney Alec Russell, The Brevard County Clerk, Property Appraiser, Tax Collector The Brevard County Sherriff's Dept ALL INSISTED The Four Lots Belonged To Stacey & Tracey Parks To Facilitate The Illegal & VOID Sherriff's Sale Above. When Very Clearly The Pine Isle Farms Inc Corporation Was The Owner Of Record With The Brevard County Property Appraiser Up To &

After The Sale Of The First Four Subject Lots, Until The Four Sherriff Deeds Were Issued To The Creditor, Chantal Conklin.

7) Tracey Parks, TWIN SISTER Of Stacey Parks Got Notice Of The First Sherriff's Sale Before December 11, 2018 & Thinking The Creditor Was Coming After Her For A Personal Debt, And Because The Creditor, Lower Court, County Clerk & Brevard County Sherriff's Dept Were ALL Insisting The First Four Subject Lots

Belonged To Stacey & Tracey Parks, Claimed Homestead For The Parks' Under The Florida Constitution Article X, Section 4(a)(1)(2) On

PAGE 7

7

December 10, 2018, On ALL Six Contigual Lots. This Happened One Day Before The First Sale Held On December 11, 2018. The Sherriff Dept Was Faxed Notice Of Homestead On December 10, 2018; As Per Some Homestead Agency's Instructions To Tracey Parks.

SEE Petitioner's Exhibit 7-Tracey Park's Faxed Notice Of Homestead Dated December 10, 2018, To Brevard County Sherriff

SEE Petitioner's Exhibit 8- Signed For Notice Of Homestead, Certified Mail To Creditor's Attorney, Alec Russell & His Law Firm From The Brevard County Clerk Dated December 14, 2018.

8) If The Powers That Be In Brevard County, Florida Wanted To Claim That The Property Belonged In The Personal Names Of Stacey & Tracey Parks To Take The Property, Then The Parks' Are Entitled To Claim Homestead As Follows:

PAGE 8

8

A) The Six Contigual  Lots Are Located In An Unincorporated Part Of Brevard County.  Stacey & Tracey Parks BOTH Are Entitled To Claim Up To 160 Acres Each, Exempt.

B) The Six Subject Lots In Total Are About Two Acres, The Subject Property Meets The Size Requirement.

C) Stacey & Tracey Parks Are Both U.S. Citizens Born In Radford Virginia & Florida Residents Since Infancy.

D) Tracey Parks Pulled A 27 Foot Coachman RV Titled To Her Onto The Subjects Lots In February 2015. The RV Sat At 6575

Blossom Road Merritt Island FL 32953. Tracey Parks Then Recorded A Declaration Of Domicile Dated February 20, 2015 & Recorded On February 20, 2015, Book 7306 PAGE 1419   Brevard County Official Records.  SEE Petitioner's Exhibit 9-Tracey Parks Declaration Of Domicile.

PAGE 9

E)  Stacey Parks Pulled A Small Travel Trailer Onto 260 Orange Haven Road, In February 2015 & Recorded A Declaration Of Domicile. 260 Orange Haven Drive Is On Stacey Parks FL Driver's License & Voter Card. Stacey Parks Gave This Travel Trailer To An Elderly Aunt In Ohio, Then Stayed At The 27 Foot Coachman RV, Located At 6575 Blossom Road With Her Sister Tracey Parks. Stacey Parks Is Partially Handicapped, & Dependent On Tracey Parks For Support. Tracey Parks Is Head Of Household. SEE Petitioner's Exhibit 10- Stacey Parks Declaration Of

Domicile, Dated February 24, 2015 & Recorded On February 24 2015 Book 7306 Page 657.

Stacey Parks Received Mail At 260 Orange Haven, Then Occasionally At 6575 Blossom Road With Her Sister. Tracey Parks Received Mail At 6575 Blossom Road. The 6575 Blossom Road Address Is On Tracey Parks' Banking, Tax Returns & Employment Records, Car Registration, Drivers License & Voter Card.

PAGE 10

10

D) There Was A City Of Cocoa Water Account For The Property & Garbage & Recycling Pick Up.

E) The Parks' Do Not Own Property In Any Other State Or Overseas.

F) Chantal Conklin WAS ONLY AN UNSECURED CREDITOR

SEE Petitioner's Exhibit 11-First Submitted Homestead Affidavit Of Stacey & Tracey Parks Submitted December 04, 2020, From Case No. 05-2015-CA-050825-XXXX-XX,

SEE Petitioner's Exhibit 12-Second Submitted Homestead Affidavit Of Tracey Parks Submitted March 23, 2022-In Case No. 05-2015-CA-050825-AXXX-XX

SEE Petitioner's Exhibit 13-Ray Bahr Jr. Affidavit-A Neighbor & Past Caretaker For The Parks'- From Case No. 05-2015-CA-050825-AXXX-XX                    PAGE 11

11

## IDENTITY OF PARTIES AND LAND

1. Petitioner(s) Stacey & Tracey Parks Are BOTH Citizen(s) Of The State Of Florida, County of Brevard. Petitioner(s) Title Derives From Three Deeds, The FIRST Dated Recorded On December 23, 2014,InThe Names Of Stacey & Tracey Parks, Brevard County Official Records Book 7272 Pages 2790-2794 . The Property Was OWNED Free And Clear With No Encumbrances, There Were 11 LOTS, That WERE Combined DOWN To A Total Of 7, With 7 Tax I.D. #'S.

SEE Petitioner(s) Exhibit 1-ORIGINAL Deed From Gloria Betancourt To Stacey & Tracey Parks

2. A Second Deed From Stacey & Tracey Parks To Their Old Merritt Properties Of Brevard Corporation, Dated July 15, 2016 And Recorded On July 20, 2016, Book 7664 Page 998-WAS OVERTURNED In May Of 2018 By The Unsecured Creditor.

PAGE 12

Petitioner(s) Exhibit 2-Overturned Deed From Stacey & Tracey Parks To Their Old Corporation, Merritt Properties Concerning The 6(Six) Lots

3.   A Third Deed From Stacey Parks To Her Pine Isle Farms Corporation, Dated June 30, 2017 And Recorded On November 22, 2017 Was Executed, Delivered, And Recorded BEFORE The Above Old Merritt Properties Corp Deed WAS Ever OVER TURNED In May Of 2018, By The Unsecured Creditor, Chantal Conklin, Book 8033 Pages 986-990, Brevard County Official Records, The Overturned Deed Concerned The Six Lots That Were Part Of The Two VOID Sherriff Sales, But The Merritt Properties Deed Was Not Overturned In Regards To Two Of The Lots, Tract 21,22 AKA 250 Orange Haven DR

SEE Petitioner's Exhibit 4

4.   The Subject Property DOES NOT Have To be In The Name Of The Petitioner(s) For Them To Quiet Title, F.S. 65.061(2).

PAGE 13

5.        PETITIONER(S) INTEREST IN THE PROPERTY

Began With The Recording Of Their First Deed In The Names Of

Stacey & Tracey Parks To The Subject Property Recorded On

December 23, 2014 Brevard County, Official Records, Book 7272

Pages 2790-2794

6.  And Continued With The Recording Of Their Second Deed From

Stacey Parks' Old Merritt Properties Corporation To The Parks' New

Corporation, Pine Isle Farms Inc, Dated June 30, 2017 And Recorded

On November 22, 2017, Book 8033 To Pages 986

7.  Again, This Deed Has Never Been Overturned, The Pine Isle Farms

Corporation Has Never Been Served, Or Part Of Any Litigation

Whatsoever, In Case No. 2015-CA-050825-AXXX-XX.

PAGE 14

8.     RESPONDENT(s) INTEREST IN THE PROPERTY

Began With Two VOID & Adverse Sherriff Sales In Case No. 05-
2015-CA-050825-AXXX-XX,  Stacey & Tracey Parks  Vs. Equity

Trust, Brevard County, Florida; Chantal Conklin Was Successor In
Interest To Equity Trust's  Judgment; And In Turn Filed A
Supplemental Complaint In Case No. 05-2015-CA-050825-
AXXX-XX,  To Collect Attorney Fees And LIEN Any Property
Belonging To Stacey & Tracey Parks In Brevard County,  Florida.
See Petitioner(s) Exhibit 2,2A,3,3A- Case 05-2015-CA-050825-
AXXX-XX, Sherriff Deeds Book 8340 Pages 649 thru 656 &
Book 8486 Page 1213-1214 & An Old VOID Tax Deed Book
7151 Page 1903-1904

9.     The Subject Property Is Legally Described As:

SEE Petitioner(s) Addendum A-For Full Legal Description, &

Also Known As 250, 280,  285  Orange  Haven  Drive, And

6575,6585,6595,6605 Blossom Road Merritt Island 32953. Hereinafter,

PAGE 15

These Addresses And Legal Description Shall Be Known And Referred To As Petitioner(s)' Property. It's Six Contigual Lots, A Multiple Address Site That Were Part Of The Two VOID Sherriff Sales Described Herein, Then Two More Tracts 21,22 AKA 250 Orange Haven Dr That Were Part Of A VOID Tax Deed Sale On June 20, 2014, As Described Herein, Book 7151 Page 1903-1904

## JURISDICTION AND VENUE

10.

This Court Has Jurisdiction Over This Matter Pursuant To Chapter 65, Florida Statutes, F.S. 65.021(2), 28 U.S.C. Rule 57, 28 U.S.C 2201, 28 U.S.C. 1331 And 14th Amendment Of The U.S. Constitution, 42 U.S.C. 1983 For The Reasons Set Forth Below.

11.

Petitioner(s) Property Is located in Brevard County, Florida, And The Territorial Boundaries Of This District Court Embrace This County. Petitioner(s) Are Citizen(s) Of The State of Florida.

Respondent(s) ARE Both Citizen(s) Of The State Of Florida, & Complete Diversity Of Citizenship Between Petitioner and Respondent Is

PAGE 16

Not Required In This Case For The Reasons Stated Herein.

12.

Petitioner(s) Have A Claim Against The Respondent(s) For Creating Clouds Against Their Good Title;  Petitioner's Have A Claim Against Respondent(s) For Adversely Affecting Their Title And Causing  Damages To Petitioner(s) And Their Property Title, And Their Property  BOTH Real And Personal.

13.

Petitioner(s) Have A Claim Against The Respondent(s),The Amount In Controversy Exceeds $ 75,000.00 Dollars, Exclusive Of  Fees & Costs.

14.

This Is An *In Rem* Proceeding Pursuant To Florida Statutes Chapter 65*,* F.S. 65.061(2) Directed Against Petitioners' Property Situated Within The Boundaries Of Brevard County, Florida.  By  Virtue  Of  The Three Above Described Deeds Held  By Stacey & Tracey Parks, And Their Florida Corporations,  Pine  Isle Farms Inc, Merritt Properties Corp And By Virtue

PAGE 17

Of  The VOID Sherriff Deeds Issued Against The Subject Property, Book

8340 Pages 649 thru 656 And Book 8486 And Page 1213-1214, Brevard

County Clerk Official Records; VOID Tax Deed Book 7151 Page 1903-

1904 Exhibit 27A Thru H, Exhibit 28

15.

Rightful Title In And To The Subject Property Lies With Petitioner(s)

OR Their Florida Corporation, Pine Isle Farms Inc.  Petitioner(s) Ask This

Court To Make A Determination As To Which Is The Proper Legal Owner.

The Property IS NOT Subject To Any Mortgage Or Other Liens, And

Respondent(s)  Had No Legal Standing Or Subject Matter Jurisdiction To

Collect Monies On Behalf Of The Unsecured Creditor Equity Trust/ Chantal

Conklin Or

To Foreclose Any Lien, OR To Conduct, Orchestrate Or Otherwise Hold

The TWO Above VOID Described Sherriff Sales In The Names Of Stacey

& Tracey Parks, WITHOUT A Court Order Or Motion To Amend For  The

TWO Amended Writs Approved By Court Order, In Regard To The Six

Lots.                          PAGE 18

18

16.

Petitioner(s) Challenge The Legal Standing  Of  Respondent(s) To Collect

The Subject Lien Or To Foreclose The Lien On The Subject Property.

Standing Is Jurisdictional, Is Not Waived By Petitioner(s), And Can Be

 Raised At Any time. Petitioner(s) Moves For A Preliminary

Injunction/Temporary Restraining Order To Restrain And Enjoin The Sale

Of The Property By Defendants/Respondents on December 11, 2018, April

16, 2019 Pending Resolution of  Petitioner's Quiet Title Claim, As More

Fully Set Forth In Petitioner(s) Motion Set Forth Herein Below.

## FACTS ESTABLISHING PETITIONER(S) QUIET TITLE CLAIM

### FIRST QUIET TITLE CLAIM

17.

Petitioner(s) Have A Claim Against Respondent(s)In  ALL Their Official

Capacities As Heads Of Brevard County Agencies, For  Violations Of The

Due

Page 19

Process Rights Of Stacey Parks, Tracey Parks, & Their Florida Corporation, Pine Isle Farms Inc.; Under The 14th Amendment Of The U.S. Constitution. The Two VOID Sherriff Sales Were Negligently/ Deliberately Held In The Names Of Stacey & Tracey Parks Who Weren't Even The Owners Of Record With The Brevard County Property Appraiser For The Property, At The Time Of BOTH Sherriff Sales In Question. The Sales Were Deliberately Held WITH NO COURT ORDER OR SANCTION From The Lower Court For A Motion/Affidavit To Amend And TWO Amended Writs Without Court Order To Dispose Of The Subject Property, Whether It Belonged To Stacey & Tracey Parks Or Their Florida Corporation, Pine Isle Farms Inc.; This Was Due To The Fact That After May Of 2018, The Unsecured Creditor's Attorney, Alec Russell AMENDED The TWO Writs Without Leave Of The Court, Which VOIDED The Previous May 2018 Order And The Two Amended Writs Against Stacey & Tracey Parks & ANY Property That The Parks' Happened To Own In Brevard County, Florida. Alec Russell, The Unsecured Creditor's Attorney NEVER Got Leave Or Permission From The Lower

PAGE 20

Court To Pursue Any

Further Collections, Sherriff Sales Or Litigation Against Stacey And Tracey

Parks; Or Any Property They Happened To Own, After That May 2018

ORDER, Motion To Amend With No Court Order And TWO Amended

Writs That Were Made VOID Due To Attorney Alec Russell's Amending

Without Permission From The Lower Court.

19.

**SECOND QUIET TITLE CLAIM**

The Petitioner(s) Florida Corporation, Pine Isle Farms Inc, Was The Owner

Of Record With The Brevard County Property Appraiser For The 6 Subject

Lots/Property From November 22, 2017 Up Until And After BOTH Sherriff

Sales In Question; And Had A Deed Duly Recorded In The Brevard County

Public Records, Book 8033 Page 986, The Corporation's Rights And Due

Process Were Totally Ignored & Violated By The Unsecured Creditor

Chantal Conklin, Her Attorney Alec Russell, Sherriff Wayne Ivey, Scott

Ellis County Clerk, Dana Blickley Head Property Appraiser, Lisa Cullen

Head Tax Collector And By Their Employees, Agents And Assigns. As The

Pine Isle Farms Inc Corporation Was AN INDISPENSABLE PARTY To

PAGE 21

21

The Suit In Case No. 05-2015-CA-050825-AXXX-XX. The Pine Isle Farms

Inc Corporation WAS Never A Party, Named AS A Defendant Or  Received

ANY Service Of Process Of ANY Kind During Case No. 05-2015-CA-

050825-AXXX-XX, Making BOTH Sherriff Sales, The One Held On

December 11, 2018, And The One Held On April 16, 2019  Against The

Corporation(s)  Property VOID.

### 20.

Pine Isle Farms Inc, A Florida Corporation Has been In Good Standing With

The  Florida Secretary Of State(Div Of Corporations) Since 2010 And Is

Able To Conduct  Business In Florida.

### 21.

## THIRD  QUIET TITLE CLAIM

Stacey Parks, Petitioner NEVER Received ANY Notice  In Her Personal

Name For The First Sherriff's Sale Of The First Four Lots, Held On

December 11, 2018, Nor Can The County Clerk Or Brevard County

Sherriff's Office Show That Stacey Parks Signed For Or Received Any

Notice; For A Violation Of Stacey Parks DUE Process Rights. See Exhibit

See Exhibit 5                     PAGE 22

22.

## FOURTH QUIET TITLE CLAIM

Tracey Parks, TWIN Of Stacey Parks Received Notice BEFORE The First Sherriff(s) Sale Of The First Four Lots In Question. Tracey Parks Was Confused Because The Property Was In The Name Of The Pine Isle Farms Corporation, With The Brevard County Property Appraiser, But The Unsecured Creditor, Alec Russell Her Attorney, The Brevard County Clerk, And Brevard County Sherriff's Dept, Brevard County Property Appraiser Tax Collector ALL Insisted That The Six Subject Lots Belonged In The Names Of Stacey & Tracey Parks To Facilitate The TWO Bogus And VOID Sherriff Sales.

23.

Tracey Parks, Having An Old Power Of Attorney For Stacey Parks Claimed Homestead On Behalf Of BOTH Herself And Stacey Parks Under The Florida Constitution Article X, ss 4(a)(1)(2), Which The Petitioner(s) More Than Qualified For And Met The Requirements Under Florida's Homestead Laws Based On The Facts Already Well Outlined In This Complaint.

PAGE 23

Petitioner(s) Claimed Homestead On December 10, 2018,  A DAY

BEFORE The Sherriff's Sale Of The First Four Lots. Tracey Parks

Filed A Notice Of Homestead And Faxed A Copy To The Levying Officer

On December 10, 2018. The Brevard County Sherriff's Dept. IGNORED

The Petitioner(s) Homestead Claims And  Proceeded  With  The  First  Sale

Held On December 11, 2018. SEE Petitioner(s) Exhibit  7-Faxed Notice Of

Homestead

24.

On December 14, 2018, Alec Russell's Attorney's Office- Gray & Robinson

Attorneys  For The Unsecured Creditor, Chantal Conklin, Signed For The

Notice Of Homestead Filed By Tracey Parks & Sent Certified Return

Receipt By The Brevard County Clerk's Office.

SEE Petitioner(s) Exhibit 8-

25.

The Unsecured Creditor Chantal Conklin & Her Attorney Alec Russell Did

Not Honor Florida's Homestead Laws, Neither Did Sherriff Wayne Ivey Or

The Brevard County Sherriff's Dept. Or Brevard County;  SO  ALL Parties

PAGE 24

Mentioned Here Proceeded To Schedule A SECOND Sherriff's Sale On The

LAST TWO Lots That Brevard County, The Unsecured Creditor Her

Attorney & Sherriff Wayne Ivey & The Sherriff's Dept ALL Claimed Were

Owned By Stacey & Tracey Parks, 6595 And 6605 Blossom Rd, Merritt

Island FL 32953, Even Though The Parks' Had Claimed Homestead

BEFORE LEVY On These Two Lots On December 10, 2018 And Sent

Notice Of Homestead WELL Before The Second Sherriff's  Sale  Held  On

April 16, 2019.  The  Notice  Of Homestead Was Sent  By Stacey Parks' To

The Brevard County Sherriff's Dept. By U.S. Certified Mail And Signed For

On February 26, 2019.

SEE Petitioner(s) Exhibit 14-Notice  Of Homestead, Certified Return

Receipt Signed For On February 26, 2019, By The Brevard County

Sherriff's Dept.

PAGE 25

"But  Whether The Property Belonged To Stacey And Tracey Parks Personally Or Their Pine Isle Farms Corporation, The Unsecured Creditor Chantal Conklin,  **Never**  Fought Or Challenged The Parks' Homestead Claim" During Case No. 05-2015-CA-050825-AXXX-XX, And Still Hasn't Challenged The Parks 2018 FL Homestead Claim In A Court, As Of This Filing In March 21, 2022.                    26.

## FIFTH QUIET TITLE CLAIM

So  Knowing  That The  Sale Of The Petitioner(s) First Four Lots More Than Satisfied Her $ 25,000.00 Dollar Lien, The Unsecured Creditor, Chantal Conklin, And Her Attorney Alec Russell, FAILED TO RECORD A SATISFACTION,  And The Brevard County Clerk Nor The Sherriff's Dept, Required The Creditor To Record One, And  ALL  Knowing  The  Parks Claimed Homestead; Just Let This Unsecured Creditor KEEP Coming. The Unsecured Creditor, Chantal RECEIVED A WINDFALL As Follows: On The Advice Of Their Local Council, The Parks Had An Appraisal Done Of ALL Six Rural Lots In January  2020, The Total Value $150,000 dollars.

Page 26

See Park's Exhibit 15A Thru F- Appraisal-25 Pgs Total

A  Breakdown  Of  The Appraised Value Of Each Of The Six Lots:

280 Orange Haven Dr- $31,000

285 Orange Haven Dr-$ 29,000

6575 Blossom Rd-$ 21,000

6585 Blossom Rd-$ 24,000

6595 Blossom Rd-$ 24,000

6605 Blossom Rd-$ 21,000

Brevard County Let This Unsecured Creditor, Chantal Conklin Take $150,000.00 Dollars Worth Of Real Estate From Stacey And Tracey Parks For  Peanuts !! This Same Unsecured Creditor Got 6595 And 6605 Blossom Road For A Measly $100.00 Dollar Bid, And The First Four Lots, 280 Orange Haven Dr, 285 Orange Haven Dr, 6575 And 6585 Blossom Rd For A Little Over $ 4000.00 Dollar Bid. See Petitioner's Exhibits 16, 16A Brevard County Readouts Showing What Unsecured Creditor Chantal Conklin Got $ 150,000 Dollar Property For.

27.

## SIXTH QUIET TITLE CLAIM

No Notice Was Given To Tracey Parks Regarding The 2nd Sherriff

PAGE 27

Sale Held On April 16, 2019 For Lots 6595 And 6605 Blossom Rd,

Violating Tracey Parks Due Process. I, Stacey Parks Got Wind Of The

Sale Because A Neighbor Out By The Subject Property Called Me And

Read Off The Sherriff's Notice To Me Over The Phone, I Don't Recall

Getting A Notice In The Mail, I Did Send A Notice Of Homestead Before

Levy By Certified Mail To The Brevard County Sherriff's Dept. I Printed

My Sister's Tracey Park's Name On The Green Certified Mail Piece;

She Was Not Aware Of This Attempt At A 2nd Sale. I Really Didn't Think

They'd Have Another Sale Because We Were Homesteaded. I Dropped The

Green Card In The Mail Because I Read On The Internet To Do It. The

Sherriff's Office Received It On February 26, 2019. My Sister Tracey And I

Were Not Made Aware Of That They Even Actually Had A Second Sale

Until That Easter Sunday, After The 2nd Sale Held April 16,2019; When We

Were Working Out On Our Property, The Unsecured Chantal Conklin

Showed Up Informing Us They Had Had A 2nd Sale, And To Get Off Our

Own Property. Petitioner's Exhibit-14

PAGE 28

28.

### Seventh Quiet Title Claim

Brevard County Code Enforcement "Illegally Collected" And Benefited From Monies, As Well As City Of Cocoa They Were NOT Legally Entitled To After BOTH Sherriff Sales Of Stacey And Tracey Parks Property As Follows:

1) There Were Several Old Code Liens From 2007,2008, 2009, 2011, 2013Against The Subject Lots Caused By The Previous Owners Before Stacey And Tracey Parks, Code Liens Are Only Good 10 Years From The Date of Judgment And ALL WERE Long Expired Before Even The First Sherriff Sale Held On December 11, 2018, Never Mind By The Time Of The Second Sherriff Sale Held On April 16, 2019.

2) NONE Of These Old Code Liens From 2007 And 2008, 2009, 2011, 2013 Were Ever Recorded In Keeping With **F.S. 55.10**, With The Clerk's Official Seal, SO NONE Are Legally Valid Code Liens Against Stacey And Tracey Parks Property. Stacey And Tracey Parks

PAGE 29

Owe Brevard County NOTHING.

3) In Fact Any Monies Over And Above Or Left Over, Surplus After BOTH Sales Would Have Legally Belonged To Stacey And Tracey Parks, But Brevard County Code Enforcement "GOT THOUSANDS" They Weren't Entitled To As Follows:

4) No Record Or Accounting Could Be Found Of The Disbursements Made of The Monies Brevard County Received From The Two Sherriff Sales Of Stacey And Tracey Parks Property, So Where The Money Went, How Much And To What It Was Applied Toward Is Unknown, We Will Subpoena The Information. However We Believe And With Good Cause Code Enforcement Got A Large Portion Of It. See Petitioner(s) Exhibit 17A Thru H 37 Page Brevard County Report

A-280 Orange Haven Dr.-13CE01832, From 9/25/13

B-285 Orange Haven Dr.-13CE01833, From 09/25/13

C-6595 Blossom Rd-11CE-01075  From 05/25/11 And 11CE-01265 From 06/09/2011

D)-250 Orange Haven Dr.-09CE-02898 From 10/02/09 And

PAGE 30

11CE-01019 From 05/23/11 And 13CE01831 From 09/25/13

E) City Of Cocoa Water Lien From 06/27/ 2007, For $ 777.77 dollars Book 5790 Page 8414, And The Release From 2019 Book 8428 Page 2691, This Water Lien Was Long Expired.

5) Code Enforcement Can't Lien Or Legally Re-lien The Property Of Stacey And  Tracey Parks For These Old Code Liens Because By Law, To Re-Lien, The Details & Everything Must Be The Same, ie Same Owner Etc, The Property Hasn't Belonged To ANY Of These Parties Who  Caused  The  Above  Code  Liens  Since  December Of 2014.

See Petitioner(s) Exhibit 17A Thru H-Certified Copies Of The Old Seven Code Liens Lacking Clerk's Seal And 2007 Water Lien From The City Of Cocoa , 37 Page Brevard County Report About The December 11, 2018 Sherriff(s) Sale Of Stacey & Tracey Parks Property, Exhibit 17A Thru H-Where ALL Seven Old Code Liens & The 2007 City Of Cocoa Water Above Were NOT Recorded In The Brevard County Official Records In Keeping With **F.S. 55.10**.

PAGE 31

29.

## Eighth Quiet Title Claim

In Case No. 05-2015-CA-050825-AXXX-XX, What Started This

Entire Case Was A Flawed Tax Deed Sale For 250 Orange

Haven Dr, When Previous Owner Gloria Betancourt Had Lost These

2 Lots Because Brevard County Had Actually Failed To Send The

Woman The Notices Because The County Had The Wrong Address,

Thru No Fault Of Gloria Betancourt, Tracey And Stacey Parks Felt

We Were Legally Right On This Point, But The Lower Court Ruled

Against Us And We Ended Up Owing The Attorney Fees. However,

Stacey And Tracey Parks Say That The Tax Deed Sale

From June 20, 2014 For Tracts 21,22 AKA 250 Orange Haven Dr

Is Still VOID And Subject To Attack At Any Time, Because Rogelio

Betancourt, As The Mortgage Holder , Book 5756 Page 8775 In The

Brevard County Clerk's Official Records Was Entitled To Legal

Notice Of The Tax Deed Sale Of These 2 Lots, Only He Never Got It,

PAGE 32

Because The Brevard County Clerk/Tax Collector Had The Right

Address, BUT WRONG Zipcode , See Jones V. Flowers, Rogelio

Betancourt's Due Process Rights Were Violated. SEE Petitioner(s)

Exhibits 18,19A Thru F-Tax Deed Notice For Rogelio Betancourt,

Sent By Brevard County Tax Collector/ Clerk With Wrong Zipcode,

Certified Mail No. 7013 1710 0000 0973 3398, Tax Deed File No.

#130787, The Correct Address Was: 7550 SW 74th Street, Miami FL

33134  NOT  33143 !! Which Was The Wrong Zipcode !!

 Exhibit 17A-37 Page Brevard County Title Report Showing Rogelio

Betancourt Is A Mortgage Holder Before The June 20, 2014 Tax Deed

And December 11, 2018 Sherriff's Sale Of The Lots Of The Subject

Property, Mortgage Holder Rogelio Betancourt

Was From Cuba And Is Spanish Speaking Only,  The  Above  Tax

Deed Notice, Directed At Him With The Wrong Zipcode On It;  WAS

NOT In Spanish. Neither Were ANY Of The Other Tax Deed Notices

PAGE 33

Or Documents In Tax Deed File #130787.   ALL Other Documents In

Tax Deed File #130787 Concerning Mortgage Holder Rogelio

Betancourt Also HAVE The Wrong  Zipcode. The Wrong Legal

Description  Was Used In Tax Deed File #130787 And Was

Advertised For The Void Tax Deed Sale,  The  Survey Actually

Identifies Tracts 21,22 AKA 250 Orange Haven Dr As  PARCEL 10

And PARCEL 11 See Petitioner(s) Exhibits 18, 19A Thru F, Exhibit

26-Survey                              30.

## Ninth Quiet Title Claim

During The Litigation In Case No. 05-2015-CA-050825-AXXX-XX,

Equity Trust, And Their Successor In Interest Chantal Conklin

Defaulted And The Two Lots Tract 21, 22 AKA 250 Orange Haven

Drive, Were Awarded To Stacey And Tracey Parks, Final Judgment

Dated February 02, 2016,  Book 7541 Page 1069,Clerk's Official

Records, Stacey And Tracey Parks In The Interim Did A Deed To

Their Corporation, Merritt Properties, Dated July 15, And Recorded

On July 18, 2016 Book 7664 Page 998, Clerk's Official Records.

PAGE 34

Chantal Conklin, Whom We Owed The Attorney's Fees To,  In  Her

Haste  And Greed Trying To Get Stacey And Tracey Parks Other Six

Lots For Nothing,  FORGOT About These Two Lots Being On The

Merritt Properties Deed, The Merritt

Properties Deed Did Get Overturned Concerning The Park's Six Lots

BUT  Not These TWO, Tracts 21,22 AKA 250 Orange Haven Drive.

Stacey And Tracey Parks Were In Possession Of The Two Lots Tract

21,22 When The Deed Was Executed And Delivered To Their Merritt

Properties Corporation, Who Had A Lease For The Property Before

The  Deed Work Was Done.  Parties In Possession Aren't Affected

By  Lis Pendens, **F.S. 48.23(d)**, The  Brevard County Property

Appraiser Has Failed To Reflect Merritt Properties Corporation As

The Owner Of The Two Lots, We Would Ask This Court To Make A

Determination Whether The Tax Deed Sale Was Flawed And Or If

Stacey And Tracey Parks Or Their Merritt Properties Corporation

IS The True Owner Of These Two Tracts 21,22 AKA 250 Orange

PAGE 35

Haven Drive.  Equity Trust/ Chantal  Conklin  HAD 4 YEARS To

Quiet Title On This Tax Deed, Equity Trust/ Chantal Conklin Got A

Quiet Title Judgment Against Stacey And Tracey Parks In August Of

2016 Over These Two Tracts, But  The  2 Lots Had Already Been

Transferred To Stacey Parks  Merritt Properties Corp That July Of

2016, And There Is No Quiet Title Judgment Against The Park(s)

Merritt Properties Corporation; Stacey And Tracey Parks Claim That

The 4 Year Statute Of Limitation To Quiet Title Has Run, And That

Chantal Conklin And Equity Trust Turned Over The Merritt

Properties Deed BUT NOT To These Two Tracts 21,22 And They

Stacey And Tracey Or Their Merritt Properties Corp Is The True

Owner Of The Property; OR At The Very Least EQUAL/ PART

Owners Along With Equity Trust And Chantal Conklin.  The Brevard

County Property Appraiser Has Been Negligent In Not Showing This

In The Public Record So Neither

PAGE 36

The Park(s) Or Their Merritt Properties Corp Has Gotten ANY Legal Notices Regarding These Two Tracts 21,22 AKA 250 Orange Haven Dr, Violating Their Due Process. The Statute Of Limitations Has Also Run On ANY Fraudulent Transfer, But Even If It Hadn't, If The Parks' REINSTATE The Old Administratively Dissolved Merritt Properties Corporation, ALL Transactions Will Be VALID, Per Florida Statute **F.S. 607.1422(1)**, Regarding Florida Corporations. See Petitioner(s) Exhibit 3, 20,21 Parks Deed To Merritt Properties Corp, Lease, August 25, 2016 Quiet Title Judgment Book 7695 Page 231.

Stacey And Tracey Parks Transferred To The Park(s) Merritt Properties Corporation, Which Was NEVER Included In The 05-2015-CA-050825-AXXX-XX, Quiet Title Suit. Petitioner(s) Claim Their Merritt Properties Corporation Is A Seperate Legal Entity And Has Property Rights To Tracts 21,22 AKA 250 Orange Haven Drive.

Page 37

31.

## Tenth Quiet Title Claim

Two Of The Petitioner's Six Lots Taken By The First VOID Sherriff
Sale Contained An Old Right Of Way Easement Made In The 1960's
When The Property Was Meant For Development As An Old
Subdivision. The Petitioner(s)  Have Wanted To Fence Off The
Across The Small Unused Orange Haven Drive At The Front Of Their
Property Since 2014 To Make A Mini Organic Farm, With Beehives
And Small Livestock, But Brevard County Won't Allow It, Claiming
They Own The Orange Haven Road On The Park's Property In Fee
Simple But This In Incorrect, Petitioner(s) Claim It Is An Easement
And Under Florida Law, They Should Be Allowed To Have A Gate
And Fence For Agricultural Purposes, **F.S. 704.02** See Petitioner(s)
Exhibit 22 And 23, 24- TWO Right Of Way Deeds, County Property
Appraiser(s)Map That

PAGE 38

Say Easement And Actually Are Easements, Book 769 Page 1002, Book 769 Page 1004, Clerk's Official Records, County Map From Property Appraiser, Besides The Betancourt Deed The Park's Received In 2014, The Root Deed For Purposes Of MRTA Also Way Before The Betancourt Deed In 2014 Also Says Orange Haven Dr  Which Dead Ends Into The Front Of The Subject Property Is An Easement, Book 2655 Page 2009-2011-See  Petitioner(s)Exhibit 25, Exhibit 26-Petitioner(s)  Survey  Of  Orange Haven Dr.

If The Court Did Quiet Title To The Orange Haven Dr. No Party Would Be Affected, The  Road  Dead  Ends  Into The Petitioner's Private Property, The Petitioner(s) Are Legally Responsible For The Maintenance  Of  The Road Not Brevard County; Nor Would Petitioner(s) Be  Blocking Any Party's Egress And Ingress, As They Owned And Will Own Again All The Surrounding Parcels, Besides The Property Is A Large Square With Three(3) County Roads, One On Each Of The Three(3 Sides), The Easement/Right Of Way Was

PAGE 39

39

Originally Made Because It Was Supposed To Be A Subdivision
But That Never Materialized. It's Just 3 Acres In One Big Square
With Petitioner(s) As Owner.  The County Has Abandoned
The Easement, The Property Is Suppose To Revert Back To The
Land Owners, Per The Two Right Of Way Deeds. I Know Personally
That Brevard County Or The Public Have Not Used The Easement
Since 2007, It Simply Provides Access To The Parks Private Subject
Property For Occasional Tresspassers And Garbage Dumpers. See
Exibits, 22,23,24,25,26, Two Right Of Way Deeds,Property,Root
Deed, Property Appraiser's Map, Survey ,And 29-Proffessional Title
Search                          32.

## Eleventh Quiet Title Claim

Petitioner(s) Challenges The Interest Held By Respondent(s) And
Petitioner(s) Maintain That The Interest Of These Parties Lacks Authenticity
In  It's Essence.  Petitioner(s) Stacey And Tracey Parks And Or Their
Corporations, Pine Isle Farms Inc And Merritt Properties Corp Are The Real
Parties In Interest.

PAGE 40

40

Defendants/Respondent(s) Have In The Past And Are Wrongfully Attempting To Assert Authority Belonging Exclusively To The Courts. Defendants/Respondents Are Attempting To Assert Authority Against The Beneficial Owners And Assert The Rights Reserved Exclusively For The Beneficial Owner. Defendants/Respondents Own No Interest Whatsoever In Plaintiff/Petitioners' Subject Property. Defendants/Respondents Do Not Represent The Unsecured Creditor, Equity Trust/Chantal Conklin. Defendants/ Respondents Are Not Entitled To Payments. Defendants/Respondents Have Nothing To Benefit Or Lose.

To Pursue Foreclosure, Defendants/Respondents Must Follow The Law Dictated By Their Foundational Documents. No Party Can Stand Above The law, Not Even These Defendants/Respondents.

33.

## TWELFTH QUIET TITLE CLAIM

A Cloud On A Title Has Been Described As An Outstanding Claim Which Appears To Be Valid On Its Face, But Can **Be Shown By Extrinsic Proof To Be Invalid.**

.                                    PAGE 41

41

34.

## THIRTEENTH QUIET TITLE CLAIM

Through Legal Trickery, As Described Throughout This Petition, Defendant Chantal Conklin, The Unsecured Creditor And Her Attorney Alec Russell Have Attempted To Maneuver A Ministerial Interest Into The Appearance Of A Full Beneficial Interest. To Reach This End, Defendant Chantal Conklin And Her Council Alec Russell Have Engaged  In This Fallacy And Duped And Used The County Clerk And Brevard County Sherriff's Dept Ruthlessly To Achieve Their Illegal Aims. But The Bottom Line Is If The County Clerk And Sherriff, Plus The Property Appraiser And Tax Collector Had Their Jobs Properly & Weren't Negligent, This Fiasco Couldn't Have Happened.          35.

### Fourteenth Quiet Title Claim

Florida Statutes Chapter 65, F.S. 65.061(2) Provides That Clouds Against Petitioners' Title Can Be Removed Through Quieting Title To The Petitioners' Property. Petitioner(s) And/ Or Their Two Corporations Hold An Equitable Interest In The Subject Property, Their Property.

Page 42

The Tax Deed Book 7151 Page 1903-1904 And The Sherriff's Deeds Book 8340 Pages 649 thru 656 And Book 8486 Page 1213-1214  Filed And Recorded In the Brevard County Official Records Of Brevard County, Florida, By The Named Defendants/Respondents Constitute A Cloud Upon Plaintiff/Petitioners' Property.

For Purposes Of The Statutes Named Herein, The Date Of Filing Of This Petition Shall Also Serve As The Date In Which A Determination Is Sought.

## TITLE EVIDENCE

### 36.

Petitioner(s)  Brings  This  Quiet  Title  Action  Against  These Respondent(s) No Deraignment Is Necessary Because Stacey And Tracey Parks Or Their Two Florida Corporations Have Been The Sole Owners Of All Seven(7) Parcels Since December Of 2014. Except For The VOID 2014 Tax Deed For Tracts 21,22 AKA 250  Orange Haven Drive And The Two VOID Sherriff Sales Dated December 11, 2018 And April 16, 2019-ALL Deeds Are Attached.          PAGE 43

37.

Petitioner(s) Brings This Action Against These Respondent(s)  And Asks  Respondent(s) To Demonstrate How They could Gain An Interest In The Subject Property Thru The VOID Tax Sale Held On June 20, 2014 And Then  Two  VOID Sherriff(s) Sales, When The Subject Property  Had BEEN Titled To Pine Isle Farms Inc, Stacey  Parks   Florida Corporation, For One And Half Years Before BOTH Sherriff Sales, And  Was The OWNER Of Record  With  The  Brevard  County  Property  Appraiser.  Brevard  County Can't Lien Homesteaded Property, If It Belonged To Stacey & Tracey Parks NOR Could Brevard County Lien Pine Isle Farms Corp For Personal Debts & Without ANY Litigation.

## DAMAGES

38.

Stacey & Tracey Parks And Their Florida Corporation Pine Isle Farms Inc Merritt Properties Corp Have Been & ARE Being Damaged By The Adverse  Claims  And  VOID Tax Deed &  VOID Sherriff  Deeds Issued By Brevard County Tax Collector &Sherriff Wayne Ivey & The Brevard

PAGE 44

45

County Sherriff's Department, ALL WITHOUT Benefit Of A Court Order. Stacey & Tracey Parks Have Not Been Home Or Able To Use Their Own Property For Almost Three Years Now CANNOT Rent or Sell The Property OR Do Lawn Maintenance, Stacey And Tracey Used To Maintain The Rural LOTS, Now It's A Jungle Again. Start Renovations Or Repairs. The Park(s) Ladies Have A Replacement RV  After  Their's Was Destroyed By The Crooked Unsecured Creditor, But Can't Put Their Replacement RV Back On Their OWN Property Without Relief From This Court. Stacey Parks Who Is Partially Handicapped, Depended On Having The Property To Raise Things For  Personal Use & Grow, Hold & Stage Things To Take To The Farmer's Market For A Small Income, Now That's been Held Up For  Almost 3 Years.  Stacey Parks Pine Isle Farms Corporation,  And  Nursery License Enabled Stacey Parks To Participate In The Farmer's Markets.

Stacey And Tracey Are Being Damaged By The Stigma Of The TWO Illegal & VOID Sherriff  Sales In Their Personal Names & The Subsequent

PAGE 45

VOID Sherriff Deeds Filed By Wayne Ivey, Head Sherriff, & The Brevard County Sherriff's Dept With NO Subject Matter Jurisdiction, NO LEGAL Standing, Disparaging & Devaluing The Subject Property;  As  BOTH Sherriff Sales & ALL Subsequent Sherriff  Deeds Are VOID.

39.

Petitioner(s)Stacey  &  Tracey  Parks  Have  A  Claim  Against Respondent(s) For Illegally Encumbering & Adversely Affecting Title To The Real Property Described Herein, With NO LESS THAN  One  VOID  Tax  Deed  Sale  &TWO  VOID  Sherriff  Sales  Brevard  County, Florida;

PAGE 46

47

40.

**Prayer for Relief**

Pursuant Florida Statutes Chapter 65, Petitioner(s) Respectfully Pray This Court To Issue a Declaratory Judgment Finding That The Interest Of These Respondent(s) In The Subject Property VOID And Of No Legal Force. Pursuant to Florida Statutes Chapter 65, Petitioner asks this Court To Declare Tax Deed Book 7151 Page 1903-1904 VOID, The Sherriff Deeds VOID Book 8340 Pages 649 Thru 656 And Book 8486 Page 1213-1214 VOID And That Each And Every One Of These Respondent(s) Should Be Disqualified From Enforcing Anything To Do With The Petitioner(s) Or Subject Property Without Order From This Court And To Order Respondent(s) To Leave The Petitioner(s) The True Owners; The Use And Quiet Enjoyment Of Their Own Property Without Fear Of Harassment Until This Quiet Title Case Concludes. It's Rural Vacant Property, In Which Petitioner(s) Have An Equitable Interest.

PAGE 47

41.

This Courts' Declaratory Judgment Should Further Address Each And Every One Of The Clouds Upon Petitioner(s) Property And Order Such Legal And Equitable Relief As Is Necessary For Removing These Clouds.

Petitioner(s) Further Requests Reimbursement Of All Expenses Paid In connection With This Legal Proceeding, Including Court Costs And Reasonable Attorney's Fees.

Petitioner(s) Further Request Any Other Relief And Compensation Warranted By Evidence In The Record And That The Court Grant Such Other And Further Relief As the Court Deems Equitable, Appropriate And Just.

PAGE 48

**VERIFIED**

**EMERGENCY MOTION FOR TEMPORARY INJUNCTIVE RELIEF
AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

Petitioner(s)Stacey And Tracey Parks, Pro Se, pursuant to Federal
Rule of Civil Procedure 65, move this Honorable Court For The Entry Of A
Temporary Restraining Order To Halt Any Lower Court Proceedings &
Enjoin And Restrain All Named Respondent(s) From Entering Petitioner(s)
Property At The Named Addresses Of The Subject property, Petitioners
Home, And As Grounds Therefore Would State As Follows:

1.

Petitioner(s) Have Filed An Independent Action For Relief To Quiet
Title To The Property Located At 250, 280,285 Orange Haven Drive And
6575,6585, 6595, 6605 Blossom Road, Merritt Island FL 32953, With This
Court. Petitioner(s) Have A Pending LOCAL March 23 Evidentiary Hearing
On Their Motion To Vacate, But Have Decided It Would Be In Their Best
Interest To Pursue Relief By Independant Action With This Court, Rather
Than By Motion On The Local Level, Which Is Their Legal Right.

PAGE 49

Hereinafter, These Multi-Addresses And Legal Description As Well As All Improvements Thereon Shall Be Known And Referred To As Petitioner(s) Property. Said Action To Quiet Title To Petitioner(s) Property Is Presently Pending Before This Court.

2.

In their Quiet Title Action Petitioner(s)s Allege That Named Respondent(s) Have No Legal Interest In And To Their Property And Had No Standing To Foreclose Or Sell The Subject Property At Any Judicial Public Auction Sale Starting With The VOID Tax Deed Sale Held On June 20, 2014 Concerning Tracts 21,22 AKA 250 Orange Haven Drive, OR With The Two VOID Sherriff Sales, One Held On December 11, 2018 For Four Of The Petitioner(s) Lots, And The Second On April 16, 2019 For Two Lots.

3.

It Is Within This Court's Wide discretion to grant a request for a temporary restraining order and/or a preliminary injunction. *See Grand River Ent. Six Nations, Ltd. v. Pryor*, 481 F.3d 60 (2d Cir. 2007). Generally, in order to warrant a court's intervention in the form of injunctive relief,

PAGE 50

"[t]he party seeking the injunction must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief." *Resolution Trust Corp. v. Elman*, 949 F.2d 624,626 (2d Cir. 1991); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979); *Citibank v. Citytrust,* 756 F.2d 273 (2d Cir. 1985); *Virgin Enterprises, Ltd. v. Nawab*, 335 F.3d 141 (2d Cir. 2003).

Under The 11th Amendment A Public Official Or County Government Entity May Have Immunity From Monetary Damages Under Certain Criteria; But There Is No Immunity From Injunctions Or Injunctive Relief Being Inacted Against Them From An Aggrieved Party. See Ex Parte Young, 209 U.S. 123(1908); Edelman V. Jordan 415 U.S. 651(1974).

4.

Plaintiff/Petitioner(s) Have And Will Suffer Irreparable Injury, The Loss Of Their One Acre Lot, By VOID Tax Deed Sale Tracts 21,22 AKA

PAGE 51

250 Orange Haven Dr , Loss Of Their Six Lots Thru Two VOID Sherriff

Sales Destruction Of Their 27 Foot Coachman RV, Stacey Parks

Handicapped- Has Lost Farmer's Market Income For  The Past 3 Years And

Into The Foreseeable Future, Petitioner(s) Have Been Dependent On Family

Members For A Place To Stay, Since The Loss Of Their Home & Property,

Which Is Ending. Why Should Stacey & Tracey Parks Have The Hardship

Of Paying Rent In A COVID-19 Economy, When Stacey And Tracey Parks

Or Their Two Corporations OWNED A Perfectly Good Piece Of Property,

That Was ILLEGALLY Taken Away From Them? The Parks' Have Had To

Purchase A Replacement RV For A Place To Stay Since The Loss Of Their

Home And  Need Their Property Back To Park Said RV So Their Not

Homeless  Unless The Court Grants This Emergency Motion for Temporary

Restraining Order. Defendants/Respondents Seek/ Have Illegally Foreclosed

On Petitioner(s)s Property Through Three(3) Judicial Auction Sale Without

Any Legal Justification In That Defendants/Respondents Have And Had No

PAGE 52

Legal Standing To collect ANY Monies Or Foreclose On Behalf Of  ANY

Respondent(s), Or The Unsecured Creditor, Equity Trust/Chantal Conklin.

5.

Petitioner(s)/Plaintiff(s) Have A Likelihood Of Success On The

Merits Of Their Quiet Title Complaint In That Named

defendant(s)/Respondent(s)s Have No Legal Interest In And To The Subject

Property, Which Fact Shall Be Established Through Petitioner(s)/Plaintiff(s)

Quiet Title Action.

6.

Petitioner(s)/Plaintiff(s) Presents Sufficiently Serious Questions

Going To The Merits Of Their Claim Which Outweigh And Tip The

Balance Of  Hardship In Favor Of Petitioner(s)/Plaintiff(s)

7.

The Granting Of Petitioner(s) Temporary Restraining Order Is In The

Public Interest To Prevent County Respondent(s) And  UNSECURED

CREDITORS,  Like  Chantal Conklin From Foreclosing On The Homes Of

PAGE  53

Owners Like Stacey And Tracey Parks Or Their Corporation Pine Isle Farms

Inc,  By Non-Judicial Process Without Having The Right To Foreclose A

Lien And Sell The Property In Violation Of The Laws Of The State Of

Florida And Of The United States. /Petitioner(s)s Is Entitled To Emergency

Ex Parte Temporary Injunctive Relief By Both Florida State Law And The

Law Of The United States.

8.

A Motion For Emergency Temporary Declaratory And Injunctive

Relief  Is Sought Pursuant To The Florida Rules of Civil Procedure And

Sought Pursuant To the Florida Rules of Civil Procedure And On An

Emergency Basis Without Notice.

9.

Florida Law Provides That Equity, By Writ Of  Injunction, May

Restrain Any Act Of A Private Individual Or Corporation Which Is Illegal

Or Contrary To Equity And Good Conscience For Which No Adequate

Remedy Is Provided At Law.

PAGE 54

55

10.

Florida Law Provides That Writs Of Injunction May Be Issued By Courts To Enjoin Sales By Sheriffs, At Any Time Before A Sale Takes Place, Or In Any Proper Case Made By Application For Injunction.

11.

Petitioner(s) Are The True Owners And Wish To Occupy Their Own Subject Property At 250, 280, 285 Orange Haven Brevard County, Florida; Along With All Contigual Lots 6575, 6585,6595 6605 Blossom Rd, Merritt Island Florida 32953, Rather Than Pay Rent A Financial Hardship.

12.

Petitioner(s) Have No Adequate Remedy At Law To Redress The Harm Complained Of, And The Illegal And VOID Tax And Sherriff Sales Of The Petitioner(s)Property, Under The Circumstances Set Forth Herein, Is Contrary To Equity And Good Conscience.

13.

Florida law provides that a temporary restraining order may be granted without oral or written notice to the adverse party if it clearly

PAGE 55

56

appears from the specific facts shown by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and that the applicant or their attorney certifies in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

14.

The Specific Facts set forth in this Verified Motion demonstrate that unless a temporary injunction against the foreclosure sale set for  February 19, 2014 is granted, that Plaintiff/Petitioner will suffer the irreparable injury, loss and damage of the loss of his home and eviction therefrom, and loss of all of his equity therein.                    15.

Under the circumstances where Homelessness Is A Prospect For Petitioner(s) Who Claimed Homestead And With An Upcoming LOCAL March 23 Evidentiary Hearing Is Set For Less Than Eight (8) Calendar Days From The Date of the filing of this Verified Motion, The Irreparable Loss To the Plaintiff/Petitioner Will Result before the Defendants/Respondents may be heard in opposition to the relief requested herein if the emergency relief

PAGE 56

requested herein is not granted immediately.

16.

Certification Is Set Forth Following The Verification Of This Motion By Petitioner(s).                    17.

Under The Circumstances Of This Case, Where There Is No Harm To Defendant(s)/Respondent(s) With The Granting Of The Requested Relief, No bond Should Be Required As A Prerequisite To The Granting Of The Relief Requested Herein As There Are No Costs Or Other Damages Which Could Be Contemplated On The Part Of The Defendant With The Granting Of The Requested Relief.                    18.

Petitioner(s) Request That Any Requirement Of A Bond Be Waived In That The Petitioner(s) Are Unable To Obtain Or Afford A Bond Of Any Kind Or Type.                    19.

Courts Have Long Recognized That "[T]o Satisfy The Irreparable Harm Requirement, [P]laintiff(s) Must Demonstrate That Absent A Preliminary Injunction They Will Suffer An Injury That Is Neither Remote Nor Speculative, But Actual And Imminent . . . ." *See Grand River*, 481 F.3d

PAGE 57

at 66 (internal citations omitted). Petitioner(s) Easily Meet This Standard. The Threatened Loss Of Plaintiff/Petitioner's Home Constitutes Irreparable Injury.  The Loss Of  Stacey Parks Three Years Past Of Farmer's Market Income, Plus Any Future Farm Income Constitutes Irreparable Injury. Having To Pay Rent In A Covid-19 Economy Constitutes Irreparable Injury.

21.

WHEREFORE, Petitioner(s)Respectfully Request That This Honorable Court Immediately Take Jurisdiction Of This Matter And Enter An Order Granting Temporary Injunctive Relief Expressly Precluding The Respondent(s) Deputies, Employees, Agents & Assigns From Visiting, Entering The Subject Property Or Enforcing Any Act Or Law Contrary To The Orders Of This Court Concerning The Petitioner(s) Subject Property Or Committing Any Act Against The Beneficial Ownership & Interest Of The Petitioner(s) And Cancelling The VOID Tax Deed Book 7151 Page 1903-1904 Sheriff Deeds Of Record Book  8340 Pages 649 Thru 656 And Book 8486 Pages 1213-1214, Brevard County Clerk Official Records;  For The

PAGE 58

Reasons Set Forth Herein, And That The Court Grant Such Other And

Further Relief As The Court Deems Equitable, Appropriate And Just.

Respectfully Submitted  This _____Day of March 17, 2022.

Stacey  Parks, Petitioner Pro Se
Tracey Parks, Petitioner Pro SE
PO Box 542443
Merritt Island FL 32954
Phone: 321-417-9262
E-Mail-N/A

PAGE 59

60

## **VERIFICATION**

Petitioner(s)/Plaintiff (s) Stacey And Tracey Parks Hereby Verifies, Under

Penalty Of Perjury, Verifies That She/They Have Read The Foregoing

Petition for Declaratory Relief To Quiet Title and Motion for Temporary

Restraining Order And That The Facts Contained Therein Are True And

Correct.

Stacey Parks, Pro Se                          Tracey Parks, Pro Se

Notary                                        PO Box 542443
                                              Merritt Island FL 32954
                                              Phone: 321-417-9262

Sworn to and subscribed before me,
Tracey Parks and Stacey Parks on this
17th day of March, 2022.

State of Florida
County of Brevard



Notary Public State of Florida
Emily Caldwell
My Commission GG 255758
Expires 09/05/2022